IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

JOHN T. HARDEE,

    **Plaintiff,**

**v.**                                                        Civil Action No. 3:23cv275

CHRISTOPHER WALZ, *et al.*,

    **Defendants.**

## MEMORANDUM OPINION

John T. Hardee, a Virginia inmate proceeding *pro se*, filed this 42 U.S.C. § 1983 action.[1] The action is proceeding on Hardee's Particularized Complaint. (ECF No. 10.) The matter is before the Court for evaluation pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A. For the reasons set forth below, the action will be DISMISSED because it is barred by the relevant statute of limitations.

### I. Preliminary Review

Pursuant to the Prison Litigation Reform Act ("PLRA") this Court must dismiss any action filed by a prisoner if the Court determines the action (1) "is frivolous" or (2) "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); *see* 28 U.S.C. § 1915A. The first standard includes claims based upon "'an indisputably meritless legal theory,'" or claims

---

[1] The statute provides, in pertinent part:

> Every person who, under color of any statute . . . of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

42 U.S.C. § 1983.

where the "'factual contentions are clearly baseless.'" *Clay v. Yates,* 809 F. Supp. 417, 427 (E.D. Va. 1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 327 (1989)). The second standard is the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6).

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin,* 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari,* 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin,* 980 F.2d at 952. This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal,* 556 U.S. 662, 679 (2009).

The Federal Rules of Civil Procedure "require[] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (second alteration in original) (citation omitted). Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* (citations omitted). Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," *id.* (citation omitted), stating a claim that is "plausible on its face," *id.* at 570, rather than merely "conceivable." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to

draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp.*, 550 U.S. at 556). In order for a claim or complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (citing *Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)). Lastly, while the Court liberally construes *pro se* complaints, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), it will not act as the inmate's advocate and develop, *sua sponte*, statutory and constitutional claims that the inmate failed to clearly raise on the face of his complaint. *See Brock v. Carroll*, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## II. Summary of Relevant Allegations

Hardee alleges that "(23) pieces of my legal/medical/confidential mail [were] illegally opened." (ECF 10, at 1.)[2] Specifically, Hardee alleges that HRRJ staff improperly opened or interfered with his mail between January of 2020 and March 3, 2021. (ECF 10, at 1, 9.) Hardee executed his original complaint in this matter on April 4, 2023. (ECF No. 1, at 10.)

## III. Analysis

Because no explicit statute of limitations for 42 U.S.C. § 1983 actions exists, federal courts borrow the personal injury statute of limitations from the relevant state. *Nasim v. Warden*, 64 F.3d 951, 955 (4th Cir. 1995) (citing *Wilson v. Garcia*, 471 U.S. 261, 266–69 (1985)). Virginia applies a two–year statute of limitations to personal injury claims. *See* Va. Code Ann.

---

[2] These events occurred at the Hampton Roads Regional Jail ("HRRJ"). (ECF No. 1, at 5.)

§ 8.01–243(A) (West 2024). Thus, Hardee was required to file his Complaint within two years from when the underlying claims accrued. At the earliest, Hardee filed this action on April 4, 2023. (ECF No. 1, at 10.) This is the date that Hardee executed his original complaint and presumably mailed it to the Court. *See Houston v. Lack*, 487 U.S. 266, 276 (1988).

When a 42 U.S.C. § 1983 claim accrues is dictated by federal law. *See Nasim*, 64 F.3d at 955. "A claim accrues when the plaintiff becomes aware of his or her injury, *United States v. Kubrick*, 444 U.S. 111, 123 (1979), or when he or she 'is put on notice . . . to make reasonable inquiry' as to whether a claim exists." *Almond v. Sisk*, No. 3:08CV138 (MHL), 2009 WL 2424084, at *4 (E.D. Va. Aug. 6, 2009) (omission in original) (quoting *Nasim*, 64 F.3d at 955), *aff'd*, 372 F. App'x 432 (2010). Further, in order to dismiss a 42 U.S.C. § 1983 action because the applicable statute of limitations has expired, "the court must find that the expiration of the statute of limitations is clear on the face of the complaint." *In re Davis*, Nos. 4:11CV11, 4:11CV12, 4:11CV13, 4:11CV14, 4:11CV15, 4:11CV16, 4:11CV17, 4:11CV18, 4:11CV19, 4:11CV20 (RBS), 2011 WL 9669470, at *2 (E.D. Va. Jan. 26, 2011) (citation omitted), *aff'd sub nom. Davis v. Wilkinson*, 443 F. App'x 812 (4th Cir. 2011). Hardee's claims accrued, at the latest, as of March of 2021. Nevertheless, he did not file this action until April of 2023. Therefore, it is plain that the action is barred by the relevant two-year statute of limitations. Accordingly, the action will be DISMISSED.

An appropriate Order will accompany this Memorandum Opinion.

Date: 3/22/2024
Richmond, Virginia

/s/
M. Hannah Lauck
United States District Judge